**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DARRICK D. REED,

    Defendant-Appellant.

No. 00-3263

(D.C. No. 99-CR-10142-JTM)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BALDOCK,** and **BRISCOE,** Circuit Judges.

Defendant Darrick D. Reed appeals his jury conviction of one count of

distributing cocaine and two counts of distributing cocaine base, in violation of 21

U.S.C. § 841(a)(1). He contends the district court erred in denying his motion for

judgment of acquittal based on insufficiency of the evidence and in denying his motion

for new trial based on juror bias. We affirm.

Sufficiency of evidence

We review de novo both the sufficiency of the evidence and the denial of the

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

motion for judgment of acquittal.  United States v. Magleby, 241 F.3d 1306, 1311 (10th Cir. 2001).  In reviewing the sufficiency of the evidence claim, we "ask only whether taking the evidence – both direct and circumstantial, together with the reasonable inferences to be drawn therefrom – in the light most favorable to the government, a reasonable jury could find [the defendant] guilty beyond a reasonable doubt." Id. at 1311-12 (internal quotation omitted).  "When reviewing the denial of a motion for judgment of acquittal made at the close of the government's case-in-chief, we look only to evidence entered into the record at the time of the motion, that is, when the government rested." United States v. Wood, 207 F.3d 1222, 1228 (10th Cir. 2000). "We must not weigh conflicting evidence or consider the credibility of the witnesses, but simply determine whether the evidence, if believed, would establish each element of the crime." United States v. Vallo, 238 F.3d 1242, 1247 (10th Cir. 2001) (internal quotation omitted).  Pursuant to the plain language of 21 U.S.C. § 841(a)(1), the essential elements of a prima facie case of distribution of a controlled substance are (1) knowing or intentional; (2) distribution; (3) of a controlled substance. See United States v. Johnson, 130 F.3d 1420, 1429 (10th Cir. 1997).

Viewing the record in its entirety, together with the reasonable inferences drawn therefrom in the light most favorable to the government, the evidence was sufficient to support the jury's verdict as to each element of all three counts.  The confidential informant testified that he called Reed prior to each transaction, arranged a location to

meet to purchase the drugs, and then bought drugs from Reed. Immediately after each transaction, the informant gave the drugs he purchased to detectives. The parties stipulated that the baggie from the April 16 drug buy contained cocaine powder, and the baggies from the April 21 and April 30 drug buys contained cocaine base. Although defense counsel attempted to raise doubts about the identity of the person who sold the drugs to the informant, the jury had an evidentiary basis for concluding Reed was that person. Specifically, the informant identified Reed as the seller at the three drug buys, and at least one detective identified Reed as the driver of the 1992 aqua green Pontiac Grand Prix driven to the location of each of the drug buys. Further, after Reed was arrested on April 30, the detectives found a wad of money in his pocket in the exact amount and with the same serial numbers as the money given to the informant immediately prior to that day's drug buy. While Reed contends the informant is a convicted felon who should not be believed, and that the detectives' testimony was inconsistent and therefore unreliable, we cannot consider the credibility of witnesses or weigh conflicting evidence in reviewing the sufficiency of evidence. Vallo, 238 F.3d at 1247.

Juror bias

We review the denial of a motion for new trial based on allegations of juror bias for an abuse of discretion. United States v. Cerrato-Reyes, 176 F.3d 1253, 1258 (10th Cir. 1999). However, "[w]hether a juror was impliedly biased is a legal question we

3

review de novo." Gonzales v. Thomas, 99 F.3d 978, 986 (10th Cir. 1996). Where a defendant seeks a new trial based on juror bias but does not allege that the juror intentionally gave a false answer during voir dire, the defendant bears the burden of demonstrating actual bias or, in exceptional circumstances, that the facts are such that bias may be inferred. Id. at 985-86.

In its order denying Reed's motion for new trial, the district court found there was no evidence to support Reed's contention that juror Barbara Lorance was actually or impliedly biased against him as a result of an alleged dispute over a parking space between the juror and Reed's aunt, Marsha Bryant. Based on each woman's testimony, the court was not persuaded that the incident occurred or that it could suggest bias on the part of Lorance. Further, although the women knew each other and saw each other during the trial, the court found that Lorance did not know Reed before the trial and did not learn Reed was related to Bryant until after the trial.

Reed admits he can point to no evidence to challenge the district court's finding that Lorance harbored no actual bias against him, but he argues that we should imply bias and grant him a new trial because we cannot "read Ms. Lorance's mind" to determine whether she was secretly predisposed against him. Aplt. Br. at 17. The implied bias doctrine "arises from situations in which the circumstances point so sharply to bias in a particular juror that even his own denials must be discounted." Gonzales, 99 F.3d at 987 (internal quotation omitted). "Thus, implied bias may be

4

found even though a juror denies any partiality." Id. Nonetheless, the implied bias doctrine is "reserved for those 'extreme' and 'exceptional' circumstances that leave serious question whether the trial court . . . subjected the defendant to manifestly unjust procedures resulting in a miscarriage of justice." Id. (internal quotation omitted). "Something more than an unverified conjecture is necessary to justify the grant of a new trial where only potentially suspicious circumstances are shown." United States v. Bradshaw, 787 F.2d 1385, 1390 (10th Cir. 1986); see also United States v. Easter, 981 F.2d 1549, 1553 (10th Cir. 1992) ("Absent evidence to the contrary, we presume that jurors remain true to their oath and conscientiously observe the instructions and admonitions of the court."). Reed offers nothing more than mere conjecture that Lorance *might* be biased against him. Our review of the transcript from the evidentiary hearing does not expose any "serious questions" as to whether such bias exists.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge